SLIP OPINION

Cite as 2017 Ark. 303

# SUPREME COURT OF ARKANSAS

No. CR-16-849

| | |
|---|---|
| FREDERICK PENNINGTON, JR.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** November 2, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-77-1939]<br><br>HONORABLE HERBERT T. WRIGHT, JUDGE<br><br>AFFIRMED. |

**JOSEPHINE LINKER HART, Justice**

This is a companion case to CR-17-144 and CR-17-143.[1] We acknowledge that the three cases are intertwined; however, we denied Pennington's motion to consolidate the appeals on April 6, 2017. Accordingly, all that is before us in this appeal is the validity of the sentence in circuit court case No. 60CR-77-1939.

Frederick Pennington, Jr., appeals from a Pulaski County resentencing order imposing concurrent fifty-year sentences for two counts of aggravated robbery. Originally, Pennington

---

[1]CR-17-144 corresponds to circuit court case No. 60CR-77-1934 in which Pennington was originally sentenced to concurrent terms of life with the possibility of parole for aggravated robbery and twenty years for first-degree battery. Pennington was resentenced to 50 years for the aggravated robbery; the 20-year sentence for first-degree battery was not altered because it was a legal sentence when it was originally pronounced. CR-17-143 corresponds to circuit court case No. 60CR-77-1933 in which Pennington received concurrent life sentences with the possibility of parole for first-degree murder and aggravated robbery. Pennington was resentenced to 20 years on the first-degree murder conviction with 30 years' suspended imposition of sentence for the aggravated robbery. The sentences in 60CR-77-1933 were set to run consecutive to the sentences in 60CR-77-1939 and 60CR-77-1934.

had been sentenced to concurrent life sentences with the possibility of parole. When Pennington committed these crimes, aggravated robbery was categorized as a Class A felony. Ark. Stat. Ann. § 41–2102 (Repl. 1977). In 1977, Class A felonies were punishable by "not less than five years nor more than fifty years, or life." Ark. Stat. Ann. § 41–901 (Repl. 1977). On appeal, Pennington argues, as he does in CR–17–144 and CR–17–143, that the circuit court erred in denying his request to run all of the sentences imposed on him on resentencing concurrent to each other because, when the sentences were originally put into execution in 1978, they were validly run concurrent to each other.

We note, however, that due to our decision not to consolidate this appeal with CR–17–144 and CR–17–143, the only sentencing order that we must consider in this case is the order that relates to 60CR–77–1939. Like the sentences imposed in 1978, the new fifty-year sentences were run concurrent to each other. Further, these sentences in 60CR–77–1939 were imposed prior to sentences pronounced in 60CR–77–1933. Only in 60CR–77–1933 did the issue arise whether the circuit court was authorized to hand down consecutive sentences when concurrent sentences had previously been ordered. Accordingly, the issue that Pennington raises on appeal does not directly relate to the case before us. Thus, because there is no allegation of error in this case, we must affirm.

Affirmed.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller* Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.